# John McDavid

*v.*

## Millard F. Blevins.

1. NEW TRIAL—*finding as to facts.* If the preponderance of the evidence on a trial for slander shows that the words spoken were true, the plaintiff will not be entitled to recover, and if the jury find for him, a new trial should be granted.

2. MALICIOUS PROSECUTION—*does not lie, if there was probable cause.* A defendant will not be liable for a malicious prosecution in causing the plaintiff's arrest, if he had probable cause, or a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused was guilty of the offense charged.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Mr. E. G. ROSE, for the appellant.

Messrs. BISHOP & McKINLAY. and Messrs. SELLORS & DOLE, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action on the case, brought by Millard F. Blevins in the circuit court of Edgar county, against John McDavid, to recover damages for slander and malicious prosecution. To the declaration the defendant pleaded the general issue, and also a justification. On a trial before a jury the defendant was found guilty of malicious prosecution, as charged in the first count of the declaration, and guilty of slander, as charged in the third count, and the damages were fixed by the jury at $1500. The court overruled a motion for a new trial, and rendered judgment upon the verdict, to reverse which the defendant appealed, and assigns as error that the verdict is contrary to the evidence, the damages are excessive, and the court erred in refusing a new trial.

The substance of the averment in the third count of the declaration, upon which the defendant was found guilty of slander, was, that the defendant stated of and concerning the plaintiff, that he had "sworn to a lie" on the trial of a case in the circuit court of Edgar county, wherein Blevins was plaintiff and McDavid defendant. And the first count of the declaration, upon which the defendant was found guilty of instituting a malicious prosecution against the plaintiff, is predicated upon the fact that defendant caused the arrest of the plaintiff before a justice of the peace, on the charge that he committed perjury in testifying in the case of *Burns* v. *McDavid*, in the circuit court of Edgar county. The speaking of the words charged in the declaration was not denied, nor was there any controversy in regard to the fact that the plaintiff had been arrested and tried before a justice of the peace, at the instance of defendant, on the charge of perjury.

There were but two controverted questions before the jury: first, had the defendant probable grounds for the arrest; second, were the words by defendant spoken, concerning the plaintiff, true?

In order to determine whether the verdict of the jury on these questions was right, it will be necessary to refer briefly

to the leading facts.    It appears that in the spring of 1871 the
defendant employed the plaintiff to labor on his farm, at $20
per month.    After the plaintiff had been in the service of the
defendant near three months, he quit work, and some time
afterwards brought suit before a justice of the peace to recover
a balance claimed to be due for his labor.    The justice of the
peace found in favor of the plaintiff, and an appeal was taken
from the judgment rendered by the justice to the circuit court
of Edgar county, where a second trial was had.    On this trial
Blevins was a witness on his own behalf, and the words spoken
in the declaration were in reference to the evidence of Blevins
on that trial.

The defendant claims that Blevins' evidence was untrue in
three particulars:

First—He testified that the defendant had assumed the pay-
ment of $5 for a pair of boots, sold by him to one George W.
Dallas.

Second—That he (Blevins) had never received any pay for
the boots.

Third—In the contract wherein he was employed by the
defendant, he was not, by the contract, bound to remain any
specified time in the service of the defendant.

As to the truth of the plaintiff's evidence on the first and
second points, the testimony of Geo. W. Dallas was introduced,
and he testified that the defendant did not assume or agree to
pay for the boots; that he, the witness, purchased the boots,
and paid the plaintiff in full for them.    This is corroborated
by the defendant, who testified he did not assume the payment
of the boots, and knew nothing of the transaction.    The evi-
dence of Dallas was further corroborated by one Chas. Morris,
who testified that he was present when the plaintiff called on
the defendant to settle, after he had quit work, and in the con-
versation the plaintiff claimed only $5 due him, and that was
a balance on his labor, no demand whatever having been made
on account of the boots.

As to the other point, the defendant introduced on the trial
one Howarton, who testified that he was present and heard the

contract between the plaintiff and the defendant, which was, that plaintiff agreed to work for the defendant until after harvest. This was also corroborated by the evidence of the defendant.

This testimony, introduced by the defendant for the purpose of proving the plea of justification, was controverted by no witness except the plaintiff himself, and we can not well understand how the jury could entirely disregard it, as they evidently did, in view of the large verdict they returned against the defendant. If the words spoken by the defendant concerning the plaintiff were true, no recovery could be had for the speaking of the words. If, on the other hand, the defendant had probable cause for the arrest, (and by probable cause we mean a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged, as held in *Ross* v. *Innis*, 35 Ill. 487, and subsequent cases,) then the jury were not justified in finding the defendant guilty of malicious prosecution, as they did under the first count of the declaration.

If the testimony introduced by the defendant on the trial of this case be true, and we perceive no ground to discredit it, there were circumstances within the knowledge of the defendant that might well induce him, or any honest person, to believe that the plaintiff was guilty of the crime for which he was arrested. The defendant knew he had employed the plaintiff to work for him for a specified time. He knew he had proof of that fact. The defendant was also aware that he had not agreed to pay or assumed payment for the boots sold by plaintiff to Dallas. Now, when the plaintiff appeared in court and testified that he had not agreed to work for a specified time, and that the defendant had assumed the payment of $5 for boots sold, it would be a strange doctrine to hold that a person instituting a prosecution under such circumstances should be compelled to respond in heavy damages. If such was the law, we apprehend few men would take the risk of

causing the arrest of any offender of the law, however strong the presumption of guilt might be.

We are satisfied the testimony before the jury did not justify the verdict, and upon this ground the judgment will be reversed and the cause remanded.

*Judgment reversed.*